# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ANTONIO DEAN WALKER,           ) | | |
|     Plaintiff,           ) | Civil Action No. 7:19cv00743 | |
|                ) | | |
| v.           ) | **MEMORANDUM OPINION** | |
|                ) | | |
| HAROLD W. CLARKE, *et al.*,           ) | By:    Hon. Thomas T. Cullen | |
|     Defendants.           ) |          United States District Judge | |

Plaintiff Antonio Dean Walker, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. This matter is currently before the court on Walker's motion seeking preliminary injunctive relief. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further, an interlocutory injunction is not

appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In the underlying action, Walker alleges that, after he was involved in an altercation with two other inmates, defendant Officer McReynolds used excessive force by ordering his dog to bite Walker; defendant Sgt. Massingill failed to protect Walker from McReynolds's excessive force and then wrote a "false disciplinary offense report" against Walker and gave "falsified testimony" at Walker's disciplinary hearing; defendant Institutional Hearings Officer Mullins found Walker guilty of the disciplinary charge despite having reason to believe that Sgt. Massingill's testimony was false; and that defendants Director Clarke, Chief of Corrections Operations Robinson, and Warden Kiser, as supervisors, failed to remediate the harm Walker suffered from the excessive force and due process violations.

In his motion seeking preliminary injunctive relief, Walker appears to be asking the court to transfer him out of the "region [of] Wallens Ridge [State Prison] and Red Onion [State Prison]." In support of his motion, Walker states that while he was housed in "isolation," he was "denied showers, laundry items, etc. until [he] was found to withdraw [his] complaints." Walker does not identify which "complaints" he was expected to withdraw. He also does not indicate how long he was denied showers and laundry items or identify any person who denied him these things. Walker also claims that he is "being denied COVID-19 testing after several

requests," which he believes is "because of his complaint." Walker does not allege that he is ill or has any symptoms of COVID-19. He also does not identify any person who denied him a COVID-19 test. Walker argues that he "strongly believes that [his] conditions will become worse if [he] remain[s] in this region []." However, Walker does not explain how his conditions will become worse.

These allegations are not related to the claims Walker raises in his complaint. His claims in his complaint relate to excessive force and the ensuing disciplinary procedure; the allegations in support of the motion for preliminary injunction relate to perceived or potential retaliation regarding unspecified complaints. Because Walker's allegations in his motion are not related to the claims in his underlying lawsuit, the court finds that Walker has not established the requisite relationship between the injury claimed in the motion and the conduct giving rise to the complaint.

Moreover, the court finds that Walker has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. At most, his allegations of "worse[ning]" conditions are speculative at best. *See Direx Israel, Ltd.*, 952 F.2d at 812. Accordingly, Walker's motion will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

**ENTERED** this 10th day of December, 2020.

                                                  */s/ Thomas T. Cullen*
                                                HON. THOMAS T. CULLEN
                                                UNITED STATES DISTRICT JUDGE